UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER_____

BRIAN EVANS,



FILED BY_____D.C.

JUN 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Plaintiff,

v.

UNITED STATES OF AMERICA;

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT;

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

DOES 1-5

Defendants.

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND OTHER APPROPRIATE

RELIEF

Plaintiff Brian Evans, proceeding pro se, alleges:

1

NATURE OF THE ACTION

This action arises from what Plaintiff alleges was a pattern of misconduct by federal immigration officials during the investigation of Plaintiff, Plaintiff's spouse, and individuals associated with Plaintiff. Plaintiff alleges that federal officials attempted to obtain false testimony concerning Plaintiff's marriage, ignored substantial evidence supporting the legitimacy of that marriage, retaliated against Plaintiff after Plaintiff exercised his constitutional right to petition the government for redress of grievances, and caused severe emotional, financial, and reputational harm.

This case is not based upon a mere disagreement with an immigration decision. Rather, Plaintiff alleges that the investigative process itself became tainted when a federal officer attempted to induce a witness to provide false information regarding Plaintiff's marriage by offering an immigration benefit in return. Plaintiff further alleges that after Plaintiff reported this conduct through the administrative procedures established by federal law and pursued legal remedies, adverse governmental actions followed.

Plaintiff submitted a Standard Form 95 administrative tort claim concerning these events. The federal government acknowledged receipt of the claim and later transferred it between agencies. More than six months elapsed without final adjudication. Plaintiff therefore brings this action pursuant to the Federal Tort Claims Act and seeks all available legal and equitable relief.

2

JURISDICTION AND VENUE

This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

This Court possesses jurisdiction pursuant to 28 U.S.C. §§ 1346(b) and 2671 through 2680 because Plaintiff seeks relief under the Federal Tort Claims Act.

Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

Venue is proper in the Southern District of Florida because Plaintiff resides within this District and continues to suffer the effects of Defendants' conduct within this District.

PARTIES

Plaintiff Brian Evans is a resident of Hallandale Beach, Broward County, Florida.

Defendant United States of America is responsible for the acts and omissions of federal employees acting within the course and scope of their employment.

Defendant United States Department of Homeland Security is the federal department responsible for ICE and USCIS.

3

Defendant United States Immigration and Customs Enforcement is a component agency of the Department of Homeland Security.

Defendant United States Citizenship and Immigration Services is a component agency of the Department of Homeland Security.

GENERAL FACTUAL ALLEGATIONS

Plaintiff has been married to Andy Evans for many years. Throughout the course of the marriage, Plaintiff and his spouse participated in immigration proceedings and repeatedly cooperated with requests made by federal immigration authorities. Plaintiff and his spouse attended interviews, submitted documentation, responded to governmental inquiries, and made themselves available whenever requested.

Over the course of the immigration process, Plaintiff became acquainted with Franco Martinez Reguera, who ultimately resided with Plaintiff and became familiar with Plaintiff's daily life, household, and marriage. Because of his close proximity to Plaintiff and Plaintiff's spouse, Mr. Martinez Reguera personally observed the relationship and was in a position to know whether the marriage was genuine or fraudulent.

During the spring of 2025, Mr. Martinez Reguera was required to report to immigration authorities in Yakima, Washington. According to a declaration later executed under penalty of perjury, Mr. Martinez Reguera was approached by a female immigration officer who had

previously participated in investigative activities involving Plaintiff and Plaintiff's spouse.

Mr. Martinez Reguera declared that this officer informed him, on multiple occasions, that if he would state that Plaintiff's marriage was fraudulent, his work authorization would be approved immediately. According to Mr. Martinez Reguera, the officer further represented that she possessed influence or authority concerning the adjudication of his immigration benefits and suggested that favorable treatment would follow if he provided adverse information concerning Plaintiff's marriage.

Mr. Martinez Reguera refused because the proposed statement would have been false. He subsequently memorialized these events in a sworn declaration executed under penalty of perjury.

Plaintiff considered the conduct described by Mr. Martinez Reguera to be deeply troubling. Plaintiff believed that the conduct represented an attempt by a federal officer to procure adverse testimony through the promise of an immigration benefit. Plaintiff further believed that such conduct undermined the integrity of the investigative process and cast doubt upon the reliability of any information obtained through that process.

As a result, Plaintiff submitted an administrative tort claim to the federal government utilizing Standard Form 95. The claim described the misconduct, identified witnesses, and requested investigation and relief. The claim was formally acknowledged by federal authorities. Thereafter, Plaintiff received correspondence reflecting that the claim had been transferred within the federal

government for further review.

Despite the passage of many months, Plaintiff did not receive a final resolution of the claim. More than six months elapsed following presentment of the administrative claim.

Plaintiff alleges that after reporting governmental misconduct and pursuing legal remedies, including federal litigation relating to immigration matters, Defendants engaged in conduct that Plaintiff reasonably perceived as retaliatory. Plaintiff further alleges that agency findings subsequently issued concerning Plaintiff's spouse contained material inaccuracies, ignored substantial evidence favorable to Plaintiff, and adopted conclusions unsupported by the record.

The emotional impact upon Plaintiff has been substantial. Plaintiff has experienced stress, anxiety, humiliation, emotional distress, loss of sleep, damage to reputation, strain upon family relationships, and fear concerning the consequences of governmental actions directed toward Plaintiff and Plaintiff's spouse. Plaintiff has expended substantial time, effort, and resources attempting to correct what Plaintiff believes to be improper governmental conduct.

Plaintiff further alleges that he timely exhausted the administrative remedies required under the Federal Tort Claims Act prior to commencing this action. On or about September 2025, Plaintiff submitted a Standard Form 95 administrative claim to the Department of Homeland Security seeking damages arising from the conduct described herein. Thereafter, by correspondence dated December 5, 2025, U.S. Immigration and Customs Enforcement ("ICE") acknowledged receipt of Plaintiff's claim, confirmed that the claim sought damages in the amount of $5,000,000, and advised Plaintiff that the claim would be processed pursuant to the Federal Tort Claims Act.

6

Subsequently, by correspondence dated January 20, 2026, ICE advised Plaintiff that it had reviewed the claim and transferred it to United States Citizenship and Immigration Services ("USCIS") pursuant to 28 C.F.R. § 14.2(b)(1) for further handling. Copies of the administrative claim and agency correspondence are attached as exhibits. The foregoing documents demonstrate that the federal government received, accepted, reviewed, and processed Plaintiff's administrative claim and had actual notice of the allegations and supporting evidence submitted by Plaintiff, including sworn statements and supporting documentation concerning the conduct complained of herein.

Plaintiff further alleges that during the administrative process the government was provided with sworn statements and supporting evidence relating to the events at issue, including declarations from Plaintiff, his spouse, and other witnesses. Among the information provided were allegations concerning statements made by government personnel to Franco Martinez and the resulting impact upon Plaintiff, his family, and his immigration-related affairs. Despite possessing notice of these allegations and supporting documentation, the agency failed to adequately address or investigate material facts raised by Plaintiff and his witnesses. Plaintiff therefore alleges that the government had both actual notice of the underlying conduct and a full opportunity to evaluate the allegations during the administrative claims process.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

Prior to filing this action, Plaintiff submitted an administrative tort claim to the federal government utilizing Standard Form 95.

Federal authorities acknowledged receipt of the claim.

Federal authorities subsequently transferred the claim within the government.

More than six months elapsed following submission of the claim without final adjudication.

Plaintiff has therefore satisfied all administrative prerequisites required by the Federal Tort Claims Act.

## COUNT I

## FEDERAL TORT CLAIMS ACT

Plaintiff incorporates all preceding allegations.

Federal employees acting within the scope of their employment engaged in wrongful conduct that caused injury to Plaintiff.

Plaintiff properly presented an administrative tort claim to the federal government.

The claim was acknowledged and processed by federal agencies.

More than six months elapsed without final disposition of the claim.

8

Plaintiff has therefore exhausted the administrative procedures required by federal law.

As a direct and proximate result of Defendants' conduct, Plaintiff suffered emotional distress, reputational harm, financial loss, and other damages to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant United States of America and seeks all damages permitted by law.

## COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff incorporates all preceding allegations.

The conduct alleged herein was extreme and outrageous. Plaintiff alleges that a federal officer attempted to obtain false testimony concerning Plaintiff's marriage by offering an immigration benefit to a witness. Plaintiff further alleges that Defendants thereafter disregarded exculpatory information, ignored substantial evidence, and continued conduct that foreseeably caused severe emotional injury.

Such conduct exceeds the bounds of decency expected of governmental officials exercising extraordinary authority over the lives of individuals subject to immigration proceedings.

As a direct result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety,

humiliation, and continuing psychological injury.

WHEREFORE, Plaintiff seeks compensatory damages and all other relief authorized by law.

## COUNT III

## NEGLIGENT INVESTIGATION AND NEGLIGENT CONDUCT

Plaintiff incorporates all preceding allegations.

Defendants owed a duty to conduct investigations honestly, fairly, objectively, and without improper influence.

Defendants breached those duties by permitting or failing to prevent improper investigative conduct, by disregarding reliable information, by failing to adequately supervise investigative personnel, and by allowing investigative conclusions to be influenced by improper considerations.

As a direct result of these failures, Plaintiff suffered damages.

WHEREFORE, Plaintiff seeks all damages and relief permitted by law.

## COUNT IV

## WITNESS COERCION, IMPROPER PROCUREMENT OF TESTIMONY, AND ABUSE OF

10

GOVERNMENTAL AUTHORITY

Plaintiff incorporates all preceding allegations.

Plaintiff alleges that a federal immigration officer attempted to procure false testimony concerning Plaintiff's marriage by offering immigration-related benefits to a witness in exchange for adverse statements.

The witness refused because the requested statements would have been false.

Plaintiff alleges that the conduct constituted coercive interference with a witness, improper procurement of testimony, abuse of governmental authority, and conduct fundamentally inconsistent with the fair administration of immigration laws.

Plaintiff further alleges that such conduct infected the investigative process and contributed to the injuries described throughout this Complaint.

WHEREFORE, Plaintiff seeks all legal and equitable relief available.

COUNT V

DECLARATORY RELIEF

Plaintiff incorporates all preceding allegations.

11

An actual and substantial controversy exists between the parties concerning the legality of the conduct described herein.

Plaintiff seeks a declaration regarding whether federal officers may lawfully seek adverse testimony through promises, inducements, or suggestions concerning immigration benefits.

Plaintiff further seeks a declaration concerning the legality of the investigative conduct described throughout this Complaint.

Declaratory relief will resolve important legal issues affecting the parties and will serve a useful purpose in clarifying their legal rights and obligations.

Plaintiff's claims are further supported by well-established principles of federal law. The Supreme Court has recognized that a claimant who properly presents an administrative claim and satisfies the exhaustion requirements of the Federal Tort Claims Act may pursue relief in federal court. See McNeil v. United States, 508 U.S. 106 (1993). The Supreme Court has likewise recognized that individuals physically present within the United States are entitled to the protections of the Due Process Clause and that governmental action must conform to fundamental standards of fairness. See Mathews v. Diaz, 426 U.S. 67 (1976); Plyler v. Doe, 457 U.S. 202 (1982). Plaintiff further alleges that he exercised his constitutional right to petition the government for redress of grievances through administrative complaints, reports of governmental misconduct, and litigation, activities protected by the First Amendment to the United States Constitution. The allegations of this Complaint concern conduct that Plaintiff contends

12

undermined the integrity of an immigration investigation through attempts to obtain adverse testimony by inducement or promise of immigration benefits, conduct fundamentally inconsistent with principles of due process, fair investigation, and the honest administration of federal law. Plaintiff further seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 to resolve the actual controversy presented by the conduct alleged herein and to clarify the legal rights and obligations of the parties.

In layman's term, which the Plaintiff hopes the Court will forgive, the facts are simple:

In addition to the above, a government agent attempted to bribe my friend with a work visa if he would say my marriage was not real.

The Plaintiff, his spouse, and all witnesses are willing to be polygraph examination about each and every claim made in this matter.

WHEREFORE, Plaintiff requests declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.


## PRAYER FOR RELIEF


WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor, award compensatory damages in an amount to be determined by the jury, award all additional damages authorized by law, award costs, grant declaratory relief, grant such other relief as justice requires, and provide any additional equitable relief deemed appropriate.


## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


Respectfully submitted,


Brian Evans

2080 South Ocean Drive, Suite 1505

Hallandale Beach, Florida 33009

954-214-3076

Pro Se Plaintiff


June 17th, 2026


14