**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**BRIAN EVANS,** ) Case No. 1:26-cv-24244-EGT

Plaintiff, )

v. )

**UNITED STATES OF AMERICA; UNITED** )

**STATES DEPARTMENT OF HOMELAND** )

**SECURITY; UNITED STATES**

**IMMIGRATION AND CUSTOMS**

**ENFORCEMENT; UNITED STATES**

**CITIZENSHIP AND IMMIGRATION**

**SERVICES,**

Defendants.

FILED BY ____ D.C.
AUG 31 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFAULT-RELATED RELIEF AGAINST ICE AND USCIS**

Plaintiff Brian Evans, proceeding pro se, moves under Fed. R. Civ. P. 55(a), Fed. R. Civ. P. 55(b)(2), and Fed. R. Civ. P. 55(d) for default judgment, and default-related relief, against Defendants United States Immigration and Customs Enforcement ("ICE") and United States Citizenship and Immigration Services ("USCIS"). The Clerk entered default against both agencies on August 28, 2026, for failure to appear, answer, or otherwise plead. ECF No. 22.

Plaintiff seeks relief based on the well-pleaded allegations in the Complaint and the evidence already in the record, including the sworn declaration of Franco Martinez, Plaintiff's Standard Form 95, ICE's acknowledgment letters, Plaintiff's declaration, and the June 15, 2026 USCIS decision concerning Plaintiff's spouse. Plaintiff does not seek a duplicative recovery, does not ask the Court to enter default against the United States or DHS based on the agency defaults, and requests that the Court preserve the damages claim pleaded against the United States if the Court determines that the Federal Tort Claims Act requires the monetary judgment to run against the United States.

## I. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Recognize that Rule 55 expressly authorizes a motion for default judgment against a federal agency;
2. Enter default judgment against ICE and USCIS to the extent the Court determines that the pleaded claims and requested declaratory relief are legally cognizable against those agencies;
3. Deem admitted, for purposes of the default proceedings, the Complaint's well-pleaded factual allegations concerning the attempt by an immigration officer to obtain false testimony about Plaintiff's marriage by offering or promising immigration benefits to Franco Martinez;
4. Enter the declaratory relief requested in Count V concerning the legality of attempting to procure adverse testimony about a marriage through promises or inducements of immigration benefits;

5. Conduct a limited evidentiary hearing under Rule 55(b)(2), if necessary, to determine the amount of Plaintiff's compensatory damages;

6. Award Plaintiff the damages established by the evidence, up to the $5,000,000 amount presented in his administrative claim, without duplicative recovery and subject to the limitations of Fed. R. Civ. P. 54(c); or in the alternative, an award divided as to each Defendant in the amount of $1,250,000 per defaulted Defendant.

7. Award taxable costs and post-judgment interest, and any additional damages or punitive damages (especially for attempted coercion which has been conceded by the Defendants failure to respond, as well as all other allegations in the Complaint and Exhibits provided to the extent authorized by law.

8.

A. Declare that the June 15, 2026 USCIS Decision denying Plaintiff's Form I-751 is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and contrary to law;

B. Vacate and set aside the June 15, 2026 Decision and the termination of Plaintiff's conditional permanent resident status;

C. Remand the matter to USCIS with instructions to reconsider the Form I-751 in accordance with the law and the proper weighing of the evidence;

9. If the Court does not have the ability to do some of what is requested in this relief, that the Court do what it is lawfully able to under the circumstances of the Co-Defendants Default, including the divided demand and damages as the Court deems fit.

## II. THE DOCKET ESTABLISHES SERVICE, DEFAULT, AND A RIGHT TO SEEK DEFAULT JUDGMENT

The docket identifies four named defendants: the United States, DHS, ICE, and USCIS. ICE was served on June 23, 2026, and USCIS was served on June 24, 2026. Their responses were due August 24, 2026.

Neither ICE nor USCIS appeared, answered, moved against the Complaint, or otherwise defended before the response deadline. Plaintiff moved for entry of default on August 27, 2026, and the Clerk entered default against both agencies on August 28, 2026. ECF Nos. 21–22.

Rule 55(a) provides:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."
>
> Fed. R. Civ. P. 55(a).

The Clerk has already made that determination. Rule 55(b)(2) then authorizes the Court—not the Clerk—to enter default judgment in cases that are not limited to a sum certain that can be established by computation. Fed. R. Civ. P. 55(b)(2).

Most importantly, Rule 55(d) expressly addresses federal agencies:

> "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."
>
> Fed. R. Civ. P. 55(d).

The Rule's express reference to "its agencies" establishes that a federal agency is not exempt from the default-judgment procedure. The agency's status does not eliminate Plaintiff's right to move for default judgment after the Clerk has entered default. The Defendants Complaint with supporting unchallenged Affidavits support this Motion.

## III. THE COMPLAINT STATES SPECIFIC FACTUAL ALLEGATIONS, NOT MERE LEGAL CONCLUSIONS

The Complaint alleges that a female immigration officer approached Franco Martinez during an immigration-related check-in and offered or represented that his work authorization would be approved immediately if he stated that Plaintiff's marriage was fraudulent. The Complaint alleges that Martinez refused because the statement would have been false and later executed a declaration describing the encounter. ECF No. 1 at 4–6.

The Complaint further alleges that:

- Plaintiff and Andy Evans have been married for years;
- Martinez lived with or near Plaintiff and his spouse and had personal knowledge of their relationship;
- Plaintiff reported the alleged conduct through the administrative-claim process;
- ICE acknowledged and processed the administrative claim;
- the claim was transferred within DHS;
- the alleged misconduct caused Plaintiff emotional distress, anxiety, humiliation, loss of sleep, reputational harm, family strain, financial loss, and other injury; and
- USCIS later issued a decision concerning the marriage that Plaintiff alleges ignored material evidence and adopted unsupported conclusions.

ECF No. 1 at 4–13.

These allegations identify the conduct, the alleged actor, the witness, the proposed exchange, the subject of the requested false statement, the governmental context, and the resulting injuries. They are factual allegations capable of proof through testimony and documents.

The Eleventh Circuit holds that default admits well-pleaded factual allegations, although it does not admit legal conclusions or facts that are not adequately pleaded. Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245–46 (11th Cir. 2015). Plaintiff therefore does not contend that default, standing alone, establishes a $5,000,000 award. Plaintiff contends that the default, together with the sworn declarations and documentary evidence, satisfies Rule 55(d).

## IV. THE EVIDENCE SATISFIES RULE 55(d)

Plaintiff relies on evidence already filed or specifically identified in the record:

1. The Clerk's Default, ECF No. 22;
2. The Complaint, ECF No. 1;
3. Franco Martinez's sworn declaration, ECF No. 1-2;
4. Plaintiff's Standard Form 95, signed September 3, 2025, presenting a $5,000,000 personal-injury claim;
5. ICE's September 29, 2025 acknowledgment requesting additional information, including Martinez's affidavit and medical records;
6. ICE's December 5, 2025 acknowledgment confirming receipt of the $5,000,000 claim;
7. Plaintiff's declaration accompanying this motion; and
8. The objective damages records attached to Plaintiff's declaration, if any.

The Standard Form 95 establishes administrative presentment and the amount claimed. It does not, by itself, establish liability or prove the value of emotional-distress damages. Plaintiff therefore submits his declaration to provide direct testimony concerning the nature, duration, and consequences of the injuries he personally experienced. The declaration also identifies the objective records supporting medical expenses, out-of-pocket costs, lost income, or other economic damages.

The Martinez declaration is the principal evidence concerning the alleged offer of immigration benefits in exchange for false testimony. Plaintiff does not offer his own account of what Martinez allegedly heard as a substitute for Martinez's sworn declaration. Plaintiff offers his declaration to establish when he learned of the incident, how it affected him, what actions he took, and the resulting personal injuries.

If the Court concludes that the existing written record does not establish the amount of damages with sufficient specificity, Plaintiff requests a limited hearing under Rule 55(b)(2)(B). Rule 55 does not require a hearing in every default case where the record already establishes the necessary facts, but it permits a hearing when the Court needs to determine damages. S.E.C. v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

## V. THE USCIS DECISION PROVIDES MATERIAL CONTEXT FOR CAUSATION, INJURY, AND DECLARATORY RELIEF

The June 15, 2026 USCIS decision is already part of the record. ECF No. 1-2. Plaintiff does not ask the Court to treat the decision as proof that the marriage was fraudulent. Plaintiff relies on the decision as evidence of the governmental action that intensified his emotional distress and as context for the declaratory relief pleaded in Count V.

The decision contains several features that materially support Plaintiff's allegations that the investigation and resulting agency action were not fairly or rationally conducted.

**A. The decision uses both a failure-of-proof finding and an affirmative fraud finding without explaining the relationship between them**

The decision first states:

> "You failed to provide sufficient evidence of a bona fide marital relationship."
>
> It later states:
>
> "USCIS concludes that your marriage was entered for the purpose of obtaining immigration benefits and therefore is a sham or fraudulent marriage."
>
> ECF No. 1-2, USCIS Decision.

Those are not necessarily identical findings. The first is framed as a failure to carry an evidentiary burden. The second is an affirmative factual conclusion that the marriage was entered into for an improper purpose. The decision does not adequately explain whether USCIS found merely that the evidence was insufficient, or instead found by a defined evidentiary standard that the marriage was fraudulent.

The agency was required to articulate a rational connection between the facts it found and the decision it made. Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 43 (1983). An agency acts arbitrarily and capriciously when it relies on factors Congress did not intend it to consider, entirely fails to consider an important aspect of the problem, offers an explanation counter to the evidence, or gives an explanation so implausible that it cannot be ascribed to agency expertise. id.

**B. USCIS acknowledged the CPAP explanation but still treated bedroom locks as evidence of fraud**

The decision acknowledges that loud medical equipment could explain separate sleeping arrangements, but then states that individual locks were "atypical for a genuine marital relationship" and that the locks cast serious doubt on the marriage. ECF No. 1-2, USCIS Decision.

That reasoning substitutes an unexplained stereotype for an analysis of the record. Separate sleeping arrangements may have an ordinary medical explanation where one spouse uses a CPAP machine and the other is a light sleeper. The presence of locks in a furnished rental property, particularly where a third-party roommate also occupied the residence, does not rationally establish that the spouses lacked a bona fide marital relationship.

The decision does not identify evidence that the locks were installed to exclude the spouse, that either spouse used the locks to prevent marital access, or that the locks contradicted the couple's evidence of continuous cohabitation. It instead treats the mere presence of locks as independently suspicious after acknowledging the medical explanation for separate bedrooms.

**C. USCIS treated third-party co-tenants as evidence against marriage even though the leases supported shared residence**

The decision treats the inclusion of third parties on residential leases as evidence that the couple lacked a genuine marital household. ECF No. 1-2, USCIS Decision.

That reasoning is unexplained. A lease naming both spouses as tenants demonstrates that the spouses shared a residence. The inclusion of a roommate or friend may affect the financial or household analysis, but the decision does not explain why a shared residence with a third-party co-tenant negates the spouses' joint occupancy or proves an immigration-motivated marriage.

The governing regulation identifies examples of evidence, including joint residence, joint property, commingled resources, affidavits, and "other documentation." 8 C.F.R. § 216.4(a)(5). The regulation does not establish a requirement that a married couple live alone, share one bedroom, use identical financial accounts, or avoid roommates.

**D. USCIS discounted extensive favorable evidence without a reasoned explanation**

The decision acknowledges evidence including:

- jointly filed tax returns for multiple years;
- residential leases;
- life-insurance correspondence;
- travel records;
- affidavits;
- photographs;
- vehicle records;
- health-related evidence;
- a name-change order;
- insurance-related documents; and
- other documents submitted with the I-751.

ECF No. 1-2, USCIS Decision.

The decision nevertheless treats the evidence as insufficient based on the absence of a 2021 tax return, the lack of certified copies, the absence of certain bank statements, unclear travel-

document details, and the fact that some photographs had been submitted previously. ECF No. 1-2.

The agency was entitled to evaluate the evidence, but it was not entitled to ignore favorable evidence or replace analysis with conclusory assertions. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). Under 5 U.S.C. § 706(2)(A), a reviewing court must set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

**E. USCIS treated ordinary financial choices as evidence of fraud without explaining why**

The decision acknowledges that the spouses submitted evidence of joint tax filings and other financial documents, but gives substantial negative weight to the absence of a jointly used bank account and to conflicting testimony about individual accounts. ECF No. 1-2.

The decision also states that the spouses' written explanation that they chose not to commingle funds was not satisfactory. ECF No. 1-2. But the regulation makes commingling one possible form of evidence, not an indispensable condition of a bona fide marriage. 8 C.F.R. § 216.4(a)(5). The decision does not explain why a personal choice to maintain separate accounts outweighs multiple years of jointly filed tax returns, shared residences, travel, insurance-related evidence, affidavits, and the parties' continued marriage.

**F. USCIS treated a retracted statement made during an extraordinary period as conclusive while minimizing years of subsequent conduct**

The decision relies heavily on letters written by Plaintiff during 2020, while also acknowledging Plaintiff's testimony that he was grieving his mother's death, drinking heavily, cancer, and under severe emotional strain. ECF No. 1-2.

The decision treats the later retraction – two days later - as a credibility problem but does not adequately explain why the retraction, the explanation for the original statements, the parties' continued cohabitation to this very day, and years of subsequent conduct did not materially reduce the weight assigned to the earlier letters. It also does not explain why the earlier statements were more reliable than the parties' later sworn testimony and documentary evidence. The question under the agency's own cited authorities was whether the parties intended to establish a life together at the time of marriage and whether later conduct shed light on that intent. ECF No. 1-2, USCIS Decision. The decision's treatment of the evidence supports Plaintiff's allegation that the agency adopted a predetermined fraud narrative rather than fairly evaluating the totality of the record.

**G. The denial supports Plaintiff's allegation that the investigation was tainted**

The denial's reliance on locks, bedroom arrangements, roommates, separate finances, minor testimonial discrepancies, and a retracted statement is significant because Plaintiff alleges that an immigration officer simultaneously attempted to obtain adverse testimony from Martinez by offering immigration benefits in exchange for a statement that Plaintiff's marriage was fraudulent.

Martinez's sworn declaration is the evidence of that event. The decision is relevant because it demonstrates the type of adverse conclusion that the alleged inducement was designed to produce and because it forms part of the factual basis for Plaintiff's emotional distress, reputational injury, and request for declaratory relief. Failure to respond to the Complaint or to appear at all despite the vast capabilities between the Plaintiff and Defendants, financially and as attorneys, should not allow the Defendants to bypass the consequences. The Plaintiff would never – and has to date never – been given any concessions by the Defendants but rather a

disputed "decision" based on coercion and lies that by the Defendants non-response to this Complaint should all be deemed admitted. If it were the other way around, it certainly would be had Plaintiff conducted himself the same way. The Plaintiff asks for no more than the Defendants would if the situation were reversed.

## VI. THE REQUESTED RELIEF DOES NOT SEEK AN IMPROPER DUPLICATIVE JUDGMENT

Plaintiff's Complaint seeks damages against the United States under the FTCA and also pleads claims and declaratory relief concerning the conduct of federal immigration personnel. ECF No. 1 at 8–13.

Plaintiff recognizes that 28 U.S.C. § 2679(a) generally makes the FTCA remedy against the United States exclusive for claims cognizable under 28 U.S.C. § 1346(b)(1). The Supreme Court has also held that federal agencies do not possess independent amenability to suit for damages under the FTCA. FDIC v. Meyer, 510 U.S. 471, 476–81 (1994).

For that reason, Plaintiff requests the following alternative treatment:

1. Enter default judgment against ICE and USCIS on any claims and declaratory relief that the Court determines are legally cognizable against those agencies;

2. Treat the factual allegations concerning their conduct as admitted for purposes of the remaining action;

3. Conduct a Rule 55(d) evidentiary determination only to the extent the Court concludes that damages may properly be entered against the agencies if deemed necessary, or split the award per Defendant;

4. Preserve the remaining FTCA damages claim against the United States, which has not yet been adjudicated; and
5. Enter no duplicative judgment against more than one defendant for the same injury.

The United States and DHS remain non-defaulting defendants (although DHS has not responded as of this filing and on this same day a Motion for Entry of Clerk's Default is also being filed against them separately as they have also failed to respond). The docket reflects that the United States Attorney's Office and the Attorney General were served, with the response deadline extending beyond the date of this motion. Plaintiff therefore does not ask the Court to deem the United States in default based solely on the defaults entered against ICE and USCIS.

## VII. RULE 54(c) IS SATISFIED

Rule 54(c) provides that a default judgment must not differ in kind from, or exceed in amount, the relief demanded in the pleadings. Fed. R. Civ. P. 54(c).

The Complaint seeks compensatory damages, declaratory relief, costs, and other appropriate relief. ECF No. 1 at 8–13. Plaintiff's administrative claim presents a $5,000,000 personal-injury claim. ECF No. 1-2. He submits it as evidence of the amount presented and the nature of the injury claimed.

Any judgment should not exceed the amount demanded, and should not provide double recovery.

## VIII. CONCLUSION

ICE and USCIS were properly served, failed to appear or defend, and are in default. Rule 55 expressly permits a motion for default judgment against a federal agency, subject to the requirement that the claimant establish the claim or right to relief by evidence satisfying the Court.

The Complaint alleges specific misconduct, including an attempt to procure false testimony concerning Plaintiff's marriage through an offered immigration benefit. Those allegations are supported by the Martinez declaration and the administrative records. Plaintiff's declaration supplies direct evidence of his personal injuries and identifies the objective records supporting any economic damages.

Plaintiff respectfully requests that the Court grant this Motion, enter default judgment or default-related relief against ICE and USCIS to the extent permitted by law, deem the well-pleaded factual allegations admitted, grant the declaratory relief pleaded in Count V, conduct a limited damages hearing if necessary, preserve the FTCA claim against the Co-Defendant United States and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 31, 2026.

**BRIAN EVANS**

Plaintiff, Pro Se

2080 South Ocean Drive, Suite 1505

Hallandale Beach, Florida 33009

Telephone: (954) 214-3076

Email: belasvegas@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on August 31, 2026, I served a true and correct copy of the foregoing Plaintiff's Motion for Default Judgment or, in the Alternative, Default-Related Relief Against ICE and

USCIS, together with the accompanying declaration and exhibits, through U.S. Pre-Paid First Class Mail to:

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Department of Homeland Security
Office of the General Counsel
2707 Martin Luther King Jr. Avenue SE
Washington, DC 20528-0485

U.S. Immigration and Customs Enforcement
Office of the Principal Legal Advisor
500 12th Street SW
Mail Stop 5900
Washington, DC 20536-5900

U.S. Citizenship and Immigration Services
Office of the Chief Counsel
5900 Capital Gateway Drive
Camp Springs, MD 20588-0009

United States Attorney

Southern District of Florida

99 N.E. 4th Street

Miami, FL 33132

**BRIAN EVANS**

Plaintiff, Pro Se

2080 South Ocean Drive, Suite 1505

Hallandale Beach, Florida 33009

Telephone: (954) 214-3076

Email: belasvegas@yahoo.com