# EXHIBIT A

# DECLARATION OF BRIAN EVANS UNDER PENALTY OF PERJURY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | | |
|---|---|---|
| BRIAN EVANS, | ) | Case No. 1:26-cv-24244-EGT |
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES OF AMERICA; | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY; | ) | |
| UNITED STATES IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT; | ) | |
| UNITED STATES CITIZENSHIP AND | | |
| IMMIGRATION SERVICES, | | |
| Defendants. | | |

**DECLARATION OF BRIAN EVANS IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I, Brian Evans, declare as follows:

## I. PERSONAL KNOWLEDGE AND PURPOSE

1. My name is Brian Evans. I reside at 2080 South Ocean Drive, Suite 1505, Hallandale Beach, Florida 33009.

2. I am the Plaintiff in this action. I make this declaration based on my personal knowledge. If called as a witness, I could and would testify competently to the facts stated here.

3. I submit this declaration in support of my Motion for Default Judgment or, in the Alternative, Default-Related Relief Against United States Immigration and Customs Enforcement ("ICE") and United States Citizenship and Immigration Services ("USCIS").

4. This declaration addresses the effect that the alleged governmental conduct had on me, the nature and extent of my damages, the documents supporting those damages, and the context provided by USCIS's June 15, 2026 decision concerning my spouse, Andy Evans.

## II. MARRIAGE AND IMMIGRATION HISTORY

5. I have been legally married to Andy Evans since February 2019. Andy is a native of Colombia and became a conditional permanent resident through our marriage.

6. Andy and I have lived together and maintained our marriage through substantial personal, medical, financial, and relocation-related difficulties.

7. Our shared history includes living in multiple locations, jointly filing tax returns, sharing residences, traveling together, submitting insurance and life-insurance documentation, and responding to repeated requests from immigration authorities.

8. I am a professional singer, writer, and producer. I have also been a former congressional nominee. My professional and public identity makes accusations that I participated in or benefited from immigration fraud particularly distressing and damaging to my reputation.

## III. THE ALLEGED ATTEMPT TO OBTAIN FALSE TESTIMONY

9. During the immigration process, Franco Martinez was living with or near Andy and me and had personal knowledge of our household and marriage.

10. In or around the spring of 2025, Franco told me that during an immigration-related check-in in Yakima, Washington, a female immigration officer told him, in substance, that if he said my marriage to Andy was not real or was fraudulent, his work authorization would be approved immediately.

11. Franco refused to make the statement because it would have been false.

12. Franco later prepared and signed a declaration describing what the officer said and the circumstances of the encounter. That declaration is already filed at ECF No. 1-2 and is identified as Exhibit C to the motion.

13. I do not rely on this paragraph as a substitute for Franco's testimony concerning what the officer said. Franco's sworn declaration is the evidence of his personal observations. I offer my testimony here to establish when I learned of the alleged conduct, how I reacted, the actions I took afterward, and the injuries I personally experienced.

14. When Franco told me that an immigration officer had offered him immediate work authorization in exchange for saying that my marriage was fraudulent, I was shocked, frightened, angry, and deeply distressed.

15. I understood the alleged offer as an attempt to use the government's control over a vulnerable person's immigration status to obtain a false statement that could harm my marriage, my spouse, and me.

## IV. PERSONAL AND EMOTIONAL INJURY

16. Before learning of the alleged offer, I already had substantial stress arising from the immigration process, repeated interviews, relocation, family circumstances, and medical issues.

17. After learning of the alleged offer, I experienced or continued to experience the following symptoms:

    a. persistent anxiety concerning what immigration officials might do next;

    b. loss of sleep and difficulty remaining asleep;

    c. recurring thoughts about the alleged attempt to obtain false testimony;

    d. anger and humiliation at the misuse of governmental authority;

    e. fear that false statements would destroy my marriage and my spouse's immigration status;

    f. difficulty concentrating on personal and professional responsibilities;

    g. strain in my relationship with Andy; and

    h. a continuing loss of trust in government officials and immigration institutions.

18. These symptoms were not merely momentary disappointment. They affected my sleep, concentration, emotional stability, household relationships, and ability to carry out ordinary responsibilities.

19. The distress was intensified because the alleged conduct involved officials exercising authority over immigration benefits and because the person approached was vulnerable and seeking authorization to work.

20. I considered the alleged conduct especially threatening because it suggested that the government could create or manufacture adverse evidence against my marriage rather than fairly investigate whether the marriage was genuine.

21. I reported the alleged misconduct through the administrative-claim process. Preparing the claim, collecting supporting documents, communicating with the agencies, and responding to requests for information required substantial time and effort.

.

## VIII. THE USCIS DECISION AND ITS EFFECT ON ME

22. On June 15, 2026, USCIS denied Andy's Form I-751 petition and terminated his conditional resident status. A copy of the decision is already in the record at ECF No. 1-2.

23. I read the decision and was shocked by the way it characterized our marriage.

24. The decision states that Andy failed to provide sufficient evidence of a bona fide marital relationship. It later states that our marriage was entered into to obtain immigration benefits and was therefore "a sham or fraudulent marriage." ECF No. 1-2.

25. The decision treated separate bedrooms and individual bedroom locks as evidence against the marriage even though I explained that I use a CPAP machine and that the equipment disturbs Andy's sleep. ECF No. 1-2.

26. I regarded the reliance on bedroom locks as irrational and deeply upsetting because the locks were ordinary features of a rental property and were associated with privacy and household security, including the presence of a roommate. The existence of a lock did not mean that Andy and I lacked a marital relationship.

27. The decision also treated the presence of third-party co-tenants on leases as evidence against the marriage, even though the leases identified both Andy and me as tenants and reflected that we shared residences. ECF No. 1-2.

28. The decision discounted years of jointly filed tax returns, leases, travel records, insurance-related evidence, affidavits, photographs, and other documentation. It placed substantial weight on the absence of one tax return, the lack of certain bank statements, and the fact that some documents were not certified or did not contain all details the officer preferred. ECF No. 1-2.

29. The decision also relied heavily on letters I wrote in 2020 during a period when I was grieving my mother's death, drinking heavily, and experiencing severe emotional distress. I later retracted those statements and explained the circumstances in which they were written. ECF No. 1-2.

30. I do not offer this declaration as an expert opinion about immigration law or administrative law. I describe the decision because I personally read it, because it affected me and my family, and because its accusations intensified the injuries described above.

31. The decision caused me additional fear, humiliation, anger, and distress. It made me believe that the government had accepted or repeated a false narrative despite the evidence we had submitted and despite my retraction of the 2020 statements.

32. The decision also increased my fear that the alleged attempt to obtain adverse testimony from Franco was part of a broader effort to characterize our marriage as fraudulent regardless of the evidence.

33. I understand that the Court must determine what legal effect to give the USCIS decision. I submit it as evidence of the governmental action and its effect on me, not as proof that any statement in the decision is true.

## IX. ADMINISTRATIVE CLAIM AND AMOUNT REQUESTED

34. On September 3, 2025, I signed and submitted Standard Form 95 to the Department of Homeland Security seeking $5,000,000 for personal injury arising from the conduct described in the claim. The form stated that the claim was for personal injury and identified emotional distress and the alleged attempt to obtain a false statement. ECF No. 1-2.

35. ICE acknowledged receipt of the claim on September 29, 2025, and again confirmed receipt of the $5,000,000 claim in correspondence dated December 5, 2025. ECF No. 1-2.

36. I understand that the amount stated on Standard Form 95 is not, by itself, proof that I am entitled to receive $5,000,000. I offer the form as evidence of administrative presentment, the amount claimed, and the nature of the injury reported to the government. The Defaults should be assigned to the amount that would be their portion of this amount plus damages to be determined by the Court for emotional distress, the stress it has actually put on what has been a legitimate marriage (ironically, it is the Defendant who may end up destroying it – it took 27 AirBNB's to finally enter America, especially after USCIS themselves "lost" Plaintiff's spouses TB tests which delayed the entry, which was approved, making Plaintiff and spouse have to spend an additional six months in Argentina during the process of having to do the tests all over again).

37. I request only one nonduplicative recovery for the injuries caused by the conduct alleged in the Complaint as to the defaulted defendants. I do not seek to recover the same damages twice from different defendants.

38. I request that the Court determine the amount of damages based on the entire evidentiary record. If the Court requires additional proof, I request an opportunity to present testimony and supporting records at a limited damages hearing if the Court does not deem what has been presented to be sufficient evidence, despite the Default by Co-Defendants which should deem all of the allegations as admitted.

## X. AUTHENTICATION AND COMPLETENESS

The Plaintiff states all the above under the Pains and Penalties of Perjury. The Plaintiff does not expect that the Court will rule in his favor – but that is what the Plaintiff is asking this Court to do. Our experience with our own government – ***my own government*** through this process for a man who has spent his life in health and consumer advocacy, been a nominee himself for United States Congress, a 15 time Billboard charting recording artist (the Plaintiff asks the Court take judicial notice of his website, brianevans.com), has been atrocious. So much so that the Defendants don't even care to respond to it. The Plaintiff would not be given that sort of latitude – nor should the Defendants be.

Please GRANT the relief requested.



BRIAN EVANS

2080 S. Ocean Drive Apt 1505

Halladale Beach, FL 33009

# EXHIBIT B

| .M FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Office of the General Counsel<br>U.S. Dept. of Homeland Security, 245 Murray Lane SW<br>Mail Stop 0485, Washington, DC 20528-0485 | Brian Evans<br>2080 South Ocean Drive #1505<br>Hallandale Beach, FL 33009 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 05/03/1970 | Married | Oct. 2024 Sept. 2025 | Various |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

ICE agents not only interviewed me at home and in their office, but a friend of mine, here on Asylum (which ICE/USCIS helped him do because they believed his credible threat statement)...an agent told my friend that if he said my marriage was "not real," that she would in return give him his work authorization. That attempt to bribe him (he fled a country that behaved the same way), not only caused him harm, but it has been a constant effort to destroy my life. I am a former Congressional Nominee and a well known singer (brianevans.com). I have been harassed and I intend to take action.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Emotional distress and other reasons to be determined by law. USCIS and ICE are supposed to prevent crime, not encourage it. Coercion.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Mark Biltz | 1330 SW Pucker Huddle Rd., White Salmon, WA 98672 |
| Franco Martinez | 2080 S. Ocean Drive., #1505, Hallandale Beach, FL 33009 |
| Andy Evans | 2080 S. Ocean Drive., #1505, Hallandale Beach, FL 33009 |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | $5,000,000 | N/A | $5,000,000 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | (954) 214-3076 | 09/03/2025 |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

# EXHIBIT C

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
500 12th Street SW Stop 5900
Washington, DC 20536-5900

**U.S. Immigration and Customs Enforcement**

September 29, 2025

cear Dri e #1505
ach FL 3009

l To t C ims Act Administrative Claim for Brian Evans

ns:

to ackn wledge receipt of your claim that was received by our office on 2025. I m the attorney that has been assigned to adjudicate your claim.

your cla m pursuant to the Federal Tort Claims Act (FTCA), Title 28 United § 2 71- 680, which gives ICE up to **six months** to adjudicate a FTCA claim, n the da e the agency receives the claim. During the adjudication process, our iew he c aim and any supporting documentation submitted to determine whether atio su ports your claims.

plete ou adjudication, we will send you a letter informing you of our findings. ails to adjudicate your claim within six months of the date of receipt, or if it denies can file a lawsuit in the appropriate United States District Court.

ed th documentation provided and will require additional information to properly cla n. he documents we need are as follows:

ame of the ICE employee(s) involved, if known.
and locat on of the ICE office where the incident occurred.
vit from your friend, whom you mentioned in the SF-95, describing the statements by the IC officer.
edical records for the claimed injury.
emized b lls for services incurred in treating the claimed injury.
of payments made towards the medical expenses.
s of receipts or other documentation for alleged out-of-pocket expenses.

all the required documents and information to me via email at berts@ice.dhs.gov on or before **Monday, October 27, 2025**. If the documents ed by the date listed, unfortunately your claim will be denied. Should you have

or concerns, I can be reached via email. We appreciate your patience, and we ery effort to complete your claim as quickly as possible.

Sincerely,

Simona D. Roberts

Simona D. Roberts
Assistant Chief Counsel
On Detail to District Court Litigation Division

# EXHIBIT D

Case 1:26-cv-24244-EGT Document 22 Entered on FLSD Docket 08/28/2026 Page 1 of 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

BRIAN EVANS

PLAINTIFF(S)

v.

UNITED STATES OF AMERICA , et al.,

DEFENDANT(S).

CASE NUMBER
1:26–cv–24244–EGT

**DEFAULT BY CLERK F.R.Civ.P.55(a)**

# Clerk's Default

It appearing that the defendant(s) herein, is/are in default for failure to appear, answer, or otherwise plead to the complaint filed herein within the time required by law.

Default is hereby entered against defendant(s)

**United States Immigration and Customs Enforcement**
**United States Citizenship and Immigration Services**

as of course, on the date August 28, 2026.

**Angela E. Noble**
CLERK OF COURT

By *_/s/ Dimas Rodriguez_*
Deputy Clerk

cc: Magistrate Judge Edwin G. Torres
Brian Evans
2080 South Ocean Drive, Suite 1505

Hallandale Beach, FL
33009

Case 1:26-cv-24244-EGT Document 22 Entered on FLSD Docket 08/28/2026 Page 2 of 2

CV−37 (10/01)